[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After trial by jury petitioner was convicted of kidnapping in the first degree in violation of General Statutes 53a-92(a)(2)(A); three counts of sexual assault in the first degree in violation of General Statutes 53a-70; sexual assault in the third degree in violation of General Statutes 53a-72a(1)(A) and assault in the third degree in violation of General Statutes 53a-6(a)(1).
A sentence of twenty five years, execution suspended after fifteen years was imposed in the first count with five years probation. On the counts alleging sexual assault in the first degree sentences of twenty years execution suspended after fifteen years with five years probation were imposed. On the last two counts sentences of one year were imposed.
All sentences were to be concurrent making the total effective sentence of twenty-five years execution suspended after fifteen years with five years probation.
The evidence upon which petitioner's conviction was based indicates that the victim, a prostitute, was standing CT Page 265 on a street corner when petitioner pulled up in his automobile and engaged her in conversation. The conversation became animated. The victim swore at petitioner who then reached out and grabbed her by the hair and forced her into his car. Petitioner drove the victim to a park where he forced her to get out of the car and go down an embankment to a wooded area. The victim was ordered to remove her clothing. Petitioner then, with varying degrees of success, subjected the victim to incidents of sexual intercourse all the while striking her with his fists. Petitioner then left telling the victim that he would kill her if she followed him.
A subsequent medical examination of the victim confirmed injuries to her eye and jaw as well as scratches on her lower back and bruises on her inner thighs.
Petitioner's attorney argued for a reduction in the sentence. He stated that petitioner had a good record since 1988 and that the offense represented petitioner's first conviction for a crime of violence. The attorney stressed that the victim here was a prostitute and a drug addict. He claimed that the sentence was excessive under the circumstances and disproportionate.
Speaking on his own behalf, petitioner stated that he had three children and he wanted to get out so that he could see them grow up.
The state's attorney argued that the sentence should stand. He stated that the crime was a brutal and violent attack by a man with a criminal record. The attorney also pointed out that the sentence was well under the maximum which could have been imposed.
It is noted that the pre-sentence investigation includes a report that one of petitioner's convictions involved an assault by him on a pregnant girl friend.
It was also noted that petitioner had been administratively separated from the Marine Corps on a recommendation from his commanding officer that he could not be rehabilitated and would continue to be a burden to the Marine Corps. CT Page 266
In imposing sentence the court described the event as a "horrible crime" and stressed the need to protect innocent people whether they were prostitutes or otherwise.
The sentence here was well under the maximum which could have been imposed. Considering the scope of review which limits and defines the authority of the division it cannot be found that the sentence was excessive or should be reduced. Connecticut Practice Book 942.
The sentence is affirmed.
PURTILL, J. KLACZAK, J. NORKO, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.